IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 13-cr-00443-DKW-3 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT MIGUEL ANGEL RANGEL'S MOTION FOR MODIFICATION OF SENTENCE [DKT. NO. 154]** |
| MIGUEL ANGEL RANGEL, | |
| Defendant. | |

On August 3, 2018, Defendant Miguel Angel Rangel moved, pursuant to 18 U.S.C. § 3582(c)(2), for modification of his term of imprisonment ("the motion"). Dkt. No. 154. Rangel argues that there is no indication in the record that Amendment 782 to the U.S. Sentencing Guidelines (Amendment 782) was applied in calculating his 135-month sentence. He argues that, if Amendment 782 is factored into his sentencing calculation, his sentence should be 120 months. Because Amendment 782 was applied to and does not change Rangel's 135-month sentence, the motion is DENIED.

## **DISCUSSION**

Section 3582(c)(2) permits a court to reduce a term of imprisonment if, *inter alia*, it was based on a sentencing range subsequently lowered by the Sentencing

Commission.[1]  Amendment 782, which became effective on November 1, 2014, lowered by two levels the base offense levels for certain drug crimes contained in U.S.S.G. § 2D1.1.

In this case, Rangel's base offense level was calculated pursuant to Section 2D1.1.  *See* 9/25/15 Presentence Investigation Report (PSR) at ¶ 35, Dkt. No. 132; 10/1/15 Statement of Reasons (adopting the PSR without change), Dkt. No. 135. More specifically, pursuant to Section 2D1.1, Rangel was calculated as having a base offense level of 38 because he was found responsible for approximately 52 pounds of methamphetamine (of various purities, largely consisting of "ice").[2] *See* 9/30/15 Sentencing Transcript at 12:11-14:10, Dkt. No. 161-1.

The only question, therefore, is whether Amendment 782 alters these calculations by lowering Rangel's base offense level.  It does not.  Instead, the calculations set forth in the preceding paragraph, and thus, the calculations made when Rangel was sentenced, are not changed by Amendment 782.  Notably, pursuant to Amendment 782, a defendant found responsible for 4.5 kilograms or more of "ice" or 90,000 kilograms or more of marijuana is assigned a base offense

---

[1] Section 3582(c)(2) also requires, before a sentence may be reduced, that the reduction be consistent with "applicable policy statements issued by the Sentencing Commission."  Because the Court does not find that Rangel's sentencing range has been lowered by Amendment 782, it is unnecessary to address whether any reduction would be consistent with applicable policy statements.

[2] As the Government explains in its Opposition to the motion, and as set forth in the PSR, the approximately 52 pounds of methamphetamine consisted of, among other things, 17.6618 kilograms of "ice."  *See* PSR at ¶ 8; Opposition at 3-4, Dkt. No. 161.  Pursuant to Section 2D1.1, 17 kilograms of "ice" *alone* results in a base offense level of 38.

level of 38 under Section 2D1.1.   This is the exact same base offense level Rangel was assigned at sentencing.[3]   As a result, Rangel is not entitled to a reduction in his sentence pursuant to Section 3582(c)(2) and Amendment 782 because, as stated in the Addendum to the PSR, his sentencing range is not changed by that amendment. *See* PSR at p. 23.

Finally, the Court agrees with the Government's observation that Rangel's confusion over whether Amendment 782 was applied to his sentence is perhaps due to the amendment not being mentioned at sentencing and/or Rangel not having a copy of the PSR.   The Court can assure Rangel that Amendment 782 was applied in calculating his sentence and it did/does not change the sentence, as the discussion above explains.

///

///

///

---

[3] Because the 52 pounds of methamphetamine for which Rangel was found responsible contained varying purities of methamphetamine, it was necessary to compute Rangel's "drug quantity" by using the "Drug Conversion Tables" found in the Application Notes to Section 2D1.1.   *See* U.S.S.G. § 2D1.1 app. note 8.   That conversion resulted in Rangel being held responsible for a marijuana equivalency nearly five times more than the 90,000 kilograms necessary to qualify for a base offense level of 38.   *See* PSR at ¶¶ 8, 33.

# **CONCLUSION**

For the foregoing reasons, Rangel's motion for modification of sentence, Dkt. No. 154, is DENIED.

IT IS SO ORDERED.

DATED: November 20, 2018 at Honolulu, Hawai‘i.



Derrick K. Watson
United States District Judge

---

*United States v. Rangel,* Case No. 13-cr-00443-DKW-3; **ORDER DENYING DEFENDANT MIGUEL ANGEL RANGEL'S MOTION FOR MODIFICATION OF SENTENCE [DKT. NO. 154]**